IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BAUTISTA CAYMAN ASSET COMPANY<br>Plaintiff<br>vs<br>ESTATE OF ROBERTO MALDONADO-MORALES, formed by ROBERTO O. MALDONADO-NIEVES, WANDA MALDONADO-NIEVES, JAIME ARNALDO MALDONADO-NIEVES, MARIA DE LOS ANGELES MALDONADO-NIEVES and JAVIER MALDONADO-NIEVES; CARMEN MARGARITA NIEVES-DEYA, by herself and as member of the ESTATE OF ROBERTO MALDONADO-MORALES; JOHN DOE and JANE DOE, as possible unknown members of the ESTATE OF ROBERTO MALDONADO-MORALES<br>Defendants | CIVIL 16-1041CCC |

**OPINION AND ORDER**

On January 11, 2016, Bautista Cayman Asset Company ("Bautista") filed the instant foreclosure action against the Estate of Roberto Maldonado-Morales composed by Roberto O. Maldonado-Nieves ("Roberto Maldonado"), Wanda Maldonado-Nieves ("Wanda Maldonado"), Jaime Arnaldo Maldonado-Nieves ("Jaime Maldonado"), María de los Angeles Maldonado-Nieves ("María Maldonado"), Javier Maldonado-Nieves ("Javier Maldonado"), and Carmen Margarita Nieves-Deyá, as debtor and member of the estate ("Carmen Nieves") (collectively "Defendants"). Before the Court is plaintiff's unopposed Motion for Summary Judgment (**d.e. 45**) filed on October 14, 2016. For the reasons discussed below, the Motion for Summary Judgment (**d.e. 45**) is GRANTED.

I.	**MATERIAL FACTS**

Plaintiff supported its motion with a statement of material facts. Defendants have not opposed any of the factual assertions contained in Plaintiff's statement, despite having ample opportunity to do so. As this Court recently held, "[i]f a defendant fails to file an opposition to the motion for summary judgment, the district court may consider the motion as unopposed and disregard any subsequently filed opposition." *United States v. Diaz-Garcia*, 2017 WL 818256, at *1 (D.P.R. 2017) citing *Velez v. Awning Windows, Inc.*, 375 F.3d 35, 41 (1st Cir. 2004). On such occasions, "[t]he Court must take as true any uncontested statements of fact." *Id*. After all, ". . . parties ignore [Local Rule 56] at their own peril, and . . . failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies deeming the facts presented in the movant's statement of undisputed facts admitted." *Ruiz Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir. 2000); *see also Morales v. A.C. Orssleff's EFTF*, 246 F.3d 32, 33 (1st Cir. 2001); *Euromodas, Inc. v. Zanella, Ltd.*, 368 F.3d 11, 14-15 (1st Cir. 2004). Here, since the Defendants did not file an opposition to the Bautista's Motion for Summary Judgment – in a timely fashion or at all – the following facts are deemed admitted. The Court notes, however, that in addition to being unopposed, the facts are also duly supported by the record.

Bautista is an exempt, for-profit corporation, organized and existing under the laws of the Cayman Islands. Bautista acquired the commercial loan agreement subject of the instant action, with all its related collateral documents, on March 27, 2015 by agreement between the Federal Deposit Insurance Corporation ("FDIC") and Bautista in which said entity acquired

CIVIL 16-1041CCC            3

certain credit facilities of Doral Bank. Bautista is the good faith holder of the mortgage-backed notes demonstrating and ensuring the debt purchased on the loan agreement.

On September 1, 2011, decedent Roberto Maldonado Morales and Carmen Nieves ("Original Debtors") executed a loan agreement ("Loan Agreement") with Doral whereby Doral granted them: (a) a commercial loan in the principal amount of One Million Three Hundred Nine Thousand One Hundred Ninety One Dollars And Seventy Four Cents ($1,309,191.74), at an annual rate of 6.00% and a maturity date on September 1, 2014 and (b) a commercial loan in the principal amount of Six Thousand Nine Hundred Fifteen Dollars ($6,915.00) and a maturity date on September 1, 2012. The amounts disbursed under the Loan Agreement are evidenced by two (2) Promissory Notes issued by the Original Debtors on September 1, 2011, payable to Doral, thereafter endorsed to Bautista, in the principal amounts of: $1,309,191.74, authenticated under affidavit number 2,726 of Notary Public Rebeca Caquías-Mejías; and (b) $6,915.00, authenticated under affidavit number 2,725 of Notary Public Rebeca Caquías-Mejías., and (c) a promissory note for the payment of the accrued interests owed by the Original Debtors under the Loan Agreement on September 1, 2011 in the amount of $16,655.26, authenticated under affidavit number 2,727 of Notary Public Rebeca Caquías-Mejías. On that same date, a Pledge Agreement was executed by the Original Debtors granting Doral Bank a security interest in the Mortgage Notes described herein.

The Loan Agreement is guaranteed by two (2) assignments of lease agreements, whereby the Defendants granted to the creditor, now Bautista, a security interest over all rights, title and interest to the lease agreements, as

described in said documents, and by eight (8) Mortgage Notes duly endorsed to Bautista for the principal amounts of: (I) $231,700.00, (II) $50,000.00, (III) $250,000.00, (IV) $100,000.00, (V) $300,000.00, (VI) $150,000.00, (VII) $100,000.00, and (VII) $150,000.00.  The mortgage notes are secured by eight (8) Mortgage Deeds encumbering the property number 336, recorded at page 103 of volume 7 of Manatí, Registry of Property, Section of Manatí.  In addition, Mortgages II, III, IV, V, VI, VII and VIII are duly registered at the Registry of the Property, Section of Manatí.

Bautista is the holder of the described Mortgage Notes I, II, III, IV, V, VI, VII and VIII, the Promissory Notes I, II, III, as well as all of the security for the Loan Agreement as described in the Complaint and in Bautista's Statement of Uncontested Facts.

Debtor Roberto Maldonado-Morales passed away on January 11, 2014. Roberto Maldonado-Morales is the owner of the property according to the Registry of Property.  His estate is comprised by Roberto Maldonado, Wanda Maldonado, Jaime Maldonado, María Maldonado,[1] Javier Maldonado and Carmen Nieves.

Defendants breached their obligations under the Loan Agreement as well as under the other loan documents by failing to make the agreed upon payments.   Furthermore,  as  established  by  Bautista's  Statement  of Uncontested Facts, the commercial loan agreement matured on September 1, 2014 and Defendants did not pay the amounts owed at that date.

---

[1]Defendant María Maldonado validly repudiated her father's inheritance pursuant to Deed Number Six on Repudiation of Inheritance executed before Notary Public Elaine M. Rodríguez-Romero on June 29, 2016.

As of September 30, 2016, and according to the records of Bautista, Defendants owe Bautista the total amount $1,562,211.83, composed of: $1,252,223.96 in principal, $149,526.41 in interest which continues to accrue until full payment of the debt at $382.62 per day, $19,341.46 in accrued late charges; other fees and charges (valuation expenses) in the amount of $7,950.00; and any other advance, charge, fee or disbursements made by Bautista, on behalf of Defendants, in accordance with the Loan Agreement, as well as under the other loan documents, plus costs and attorney's fees in the amount of $133,170.00, as specified under the Mortgage Notes and the Mortgage Deeds.

## II.     RULE 56 STANDARD FOR SUMMARY JUDGMENT

The role of summary judgment in civil litigation is commonplace, "to pierce the boilerplate of the pleadings and assay the parties' proof to determine whether trial is actually required."  *McCarthy v. Northwest Airlines*, 56 F.3d 313, 314 (1st Cir. 1985) (citing *Wynne v. Tufts University School of Medicine*, 976 F.2d 791, 794 (1st 1992)).  Thus, this "device allows courts and litigants to avoid full blown trials in unwinnable cases, thus conserving parties' time and money, and permitting the court to husband scarce judicial resources."  *Id.* at 315.

Federal Rule of Civil Procedure 56(a) provides that: "[a] party seeking to recover upon a claim . . . may, at any time, after the expiration of 20 days from the commencement of the action . . . move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof."  The Court may grant the movant's motion for summary judgment when "the

pleadings, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *NASCO, Inc. v. Pub. Storage, Inc.*, 29 F.3d 28 (1st Cir. 1994). "[T]he principal judicial inquiry required by Rule 56 is whether a genuine dispute as to material fact exists." Wright, Miller & Kane, *Federal Practice and Procedure* § 2725 (4th ed.) (2017).

The procedure authorized by Rule 56 "is a method for promptly disposing of actions in which there is no genuine dispute as to any material fact or in which only a question of law is involved." *Id*. at § 2712. In order to grant summary judgment, the trial court must determine if there are any "material" factual issues which are identified depending on the substantive law that should be resolved and also, whether such issues are also "genuine." *Anderson*, 477 U.S. at p. 247-248.

A "material issue" is one that affects the outcome of the litigation; therefore, if a factual issue is not relevant to the resolution of the controlling legal issues, summary judgment should be granted. *Pignons S.A. de Mecanigne v. Polaroid Corp.*, 657 F.2d 484 (1st Cir. 1981); *Finn v. Consolidated Rail Corp.*, 782 F.2d 13 (1st Cir. 1986); *Molinos de Puerto Rico v. Sheridan Towing Co.*, 62 F.R.D. 172 (D.P.R. 1973). As stated by the Supreme Court, ". . . the materiality determination on a motion for summary judgment rests on the substantive law, and it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson*, 477 U.S. at 248.

When, as here, the moving party asserts that the competent evidence clearly demonstrates that it is entitled to judgment, the non-moving party bears the burden of showing the existence of some factual disagreement sufficient to defeat the motion. However, the burden is satisfied only if the cited disagreement relates to a genuine issue of material fact. *Id*. at 247-248. "In this context, 'genuine issue' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party [and] 'material' means that the fact is one that might affect the outcome of the suit under the governing law." *See United States v. One Parcel of Real Property, Etc.*, 960 F.2d 200, 204 (1st Cir. 1992). Therefore, a factual issue is material if it is relevant to the resolution of a controlling legal issue raised by the motion for summary judgment. *U.S. Fire Ins. Co. v. Producciones Padosa, Inc.*, 835 F.2d 950, 953 (1st Cir. 1987).

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. *See Hadfield v. McDonough,* 407 F.3d 11, 15 (1st Cir. 2005) (citing, *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. *Cadle Co. v. Hayes*, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgement has established an absence of material facts in dispute, and that he or she is entitled to judgement as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion." *Méndez-Laboy v. Abbott Lab.*, 424 F.3d 35, 37 (1st Cir. 2005) (quoting, *Maldonado-Denis v. Castillo-Rodríguez*, 23 F.3d 576, 581 (1st Cir. 1994)).

"The nonmovant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue . . . . Failure to do so allows the summary judgment engine to operate at full throttle." *Id*.; *see also Kelly v. United States,* 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence).

**III.    DISCUSSION**

    **A.    General Contract Law**

In this diversity action, Puerto Rico law applies. Contracts in the Commonwealth of Puerto Rico are created as long as the following requisites exist: (1) the consent of the contracting parties; (2) a definite object which may be the subject of the contract; and (3) the cause for the obligation which may be established. 31 L.P.R.A. § 3391; *Neca Mortg. Corp. v. A & W Dev. S.E.,* 1995 P.R.-Eng. 905, 586, P.R. Offic. Trans.

The definition of what constitutes a contract is set forth in Article 1206 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 3371, which provides that a "contract exists from the moment one or more persons consent to bind himself or themselves, with regard to another or others, to give something or to render some service." However, this will to contract is not restriction-free because the parties cannot execute any contract that is contrary to the law, the morals, or the public order. P.R. Laws Ann. tit. 31, § 3372.

Contracts are perfected by the mere consent, and every party is bound from the time of consent not only to comply with that expressly agreed upon, but also with the consequences that, according to their nature, are consistent

with good faith, the custom, and the law.  Civil Code, Article 1210, P.R. Laws Ann. tit. 31, § 3376; *Unisys v. Ramallo Bros. Printing Co, Inc.*, P.R. Offic. Trans., 128 D.P.R. 842, 852 (1991), 1991 WL 735351; *Ramírez v. Club Cala de Palmas*, 23 P.R. Offic. Trans. 311, 123 D.P.R. 339, 345-346 (1989); *Prods. Tommy Muñiz v. COPAN*, 13 P.R. Offic. Trans. 664, 113 D.P.R. 517, 526-527 (1982).

In addition, it is a clearly established legal axiom that the pacts and agreements made by the parties to a contract have legal force and should be fulfilled in accordance thereto.  Civil Code, Article 1044, P.R. Laws Ann. tit. 31, § 2994; *see also García v. World Wide Entmt. Co.*, 1992 P.R.-Eng. 754, 802, P.R. Offic. Trans, 132 D.P.R. 378, 384 (1992), 1992 WL 754802.  Hence, contracts are binding and must be fulfilled.  When the terms, conditions and exclusions of a contract are clear and specific and give no margin to ambiguities or different interpretations, they are the rule to apply.  *See* Civil Code, Article 1233, P.R. Laws Ann. tit. 31, § 3471; *Curbelo v. Autoridad de las Fuentes Fluviales*, P.R. Offic. Trans., 127 D.P.R. 747, 760 (1991), 1991 WL 735900; *Casanova v. Puerto Rico American Insurance Co.*, 6 P.R. Offic. Trans. 960, 106 D.P.R. 689, 696-697 (1978).

One of the most recognizable contracts is the loan agreement, whereby "one of the parties delivers to the other . . . money or any other perishable thing, under the condition to return an equal amount of the same kind and quality . . ."  *See* Civil Code, Article 1631, P.R. Laws Ann. tit. 31, § 4511.  The person who receives the money loaned becomes the owner of such money, but at the same time is obligated to repay such amount, plus agreed-upon interest. Civil Code, Articles 1644-1646, P.R. Laws Ann. tit. 31, §§ 4571-4573.

A creditor has the right to demand full payment and cannot be forced to accept partial payments.  *See* Civil Code, Article 1123, Laws of P.R. Ann., tit. 31 § 3173.  This right preserves the integrity of the debt, which, in turn, highlights the fact that an obligation will not be deemed extinguished until the totality of the debt has been repaid.  *See* Civil Code, Article 1111, Laws of P.R. Ann., tit. 31 § 3161.

It is undisputed that Defendants breached their obligations under the Loan Agreement as well as under the other loan documents by failing to make the agreed upon payments at the maturity date.  The terms of the Loan Agreement permits Bautista to declare the principal and accrued interest due and payable upon Defendants' default.  The Mortgage Notes entitles Bautista to costs and expenses.  There is no genuine dispute as to Defendants' liability and Bautista's right to seek judicial enforcement on the outstanding debt.

### B.    Statutory Mortgage Provisions

As for mortgage guarantees, in Puerto Rico, the nature and effect of mortgages were governed by the Commonwealth's Mortgage and Property Registry Act of 1979[2] and portions of the Civil Code.  *See* P.R. Laws Ann. tit. 30, § 2001 et seq. (2005); P.R. Laws Ann. tit. 31, § 5001 et seq. (1991). The First Circuit Court of Appeals has held that, "[u]nder Puerto Rico law, the registration is a 'constitutive' act for a mortgage and without the existence of

---

[2]On December 8, 2015, Puerto Rico's legislature passed Act 210-2015, known as the Commonwealth's Real Property Registry Act. <u>See</u>, P.R. Laws Ann. tit. 30, § 6001 et seq. (2015). However, the loan agreement object of the present controversy is governed by the 1979 Mortgage Law.

a mortgage, a creditor only has an unsecured personal obligation regarding the underlying debt." *Soto-Rios v. BPPR*, 662 F.3d 112, 121 (1st Cir. 2011).

In Puerto Rico, a mortgage has an accessory nature, meaning that it is an accessory property right, in terms of the existence of a principal obligation serving as a security. *Liechty v. Descartes Saurí*, 9 P.R. Offic. Trans. 660, 666, 109 D.P.R. 496 (1980). It is an essential requirement of a mortgage that it be executed to secure the performance of a principal obligation. "The mortgage contract presupposes the existence of two legal concepts, to wit, a principal obligation and the mortgage itself, which serves as security to the former's creditor. A mortgage cannot be thought of without a secured obligation." *Id*. at 668, 109 D.P.R. 496 (citing *Carreras et al. v. Am. Colonial Bank*, 35 P.R.R. 83, 87-88, 35 D.P.R. 90 (1926)).

Under Puerto Rico law a mortgage creditor is not required to foreclose on a mortgage note if he does not wish to do so. He may disregard this guarantee and demand payment by way of a personal suit against the debtor and attach goods other than the mortgaged property to execute judgment. *Zaragoza v. Santiago*, 51 P.R. Dec. 532, 535 (P.R. 1937); *Torres*, 47 P.R. Dec. at 848; *Chicago Title Ins. Co. v. Sotomayor*, 394 F. Supp. 2d 452 (D.P.R. 2005).

In this case, Mortgage I is presented at entry number 701 of volume 315 of the book of daily entries of the Registry, property number 336 of Manatí, Registry of Property, Manatí Section. Mortgages II, III, IV, V, VI, VII and VIII, as described in the Complaint, are duly registered at the Registry of the Property, Section of Manatí, property number 336, constituting a valid lien securing Bautista's credit.

### C.    **Pledge Agreements**

The Civil Code of Puerto Rico establishes the requirements for a valid pledge agreement in its Article 1756, which states:

The following are essential requisites of the contracts of pledge and mortgage:

(1)   That they be constituted to secure the fulfillment of a principal obligation.

(2)   That the thing pledged or mortgaged is owned by the person who pledges or mortgages it.

(3)   That the persons who constitute the pledge or mortgage have the free disposition of their property, and, should they not have it, that they are legally authorized for that purpose.

31 L.P.R.A. § 5001; *In re Almacenes Gigante, Inc.*, 159 B.R. 638, 641 (Bankr. D.P.R. 1993).

Furthermore, Article 1762 adds that besides the requisites mentioned in section 5001 of this title, it is necessary, in order to constitute the contract of pledge, that the pledge should be placed in possession of the creditor or of a third person by common consent. *In re Almacenes Gigante, Inc.*, at 642.

When the debt is unpaid, the creditor is fully entitled to collect the debt and foreclose the pledge through the courts or to foreclose it before a notary, complying with the other requirements of art. 1771 of the Civil Code, P.R. Laws Ann. tit. 31, § 5030. *Banco Central y Economías v. Registrador*, 111 D.P.R. 773 (1981), 11 P.R. Offic. Trans. 977, 985 (1981).

In this case, the Pledge Agreement is valid since: (1) it was constituted to secure the fulfillment of a principal obligation, that is, the Loan Agreement, (2) the pledge Mortgage Notes I, II, III, IV, V, VI, VII and VIII are owned by Defendants, the persons who pledges or mortgages it and (3) Defendants, the

persons who constituted the Pledge Agreement had the free disposition of the Property.

## IV.  CONCLUSION

In this case, the Court had before it evidence of the aforementioned contractual elements, undoubtedly establishing the binding obligations breached by the Defendants.  Defendants, are indebted to Bautista for the loan granted on September 1, 2011, which is past due and payable.  Furthermore, Defendants herein breached their repayment obligations with Bautista under the Puerto Rico Civil Code, and the Puerto Rico Mortgage Law.

Bautista has complied with the requirements of the Fed. R. Civ. P. 56 and Local Rule 56(b), and for the reasons set forth above, is entitled to judgment as a matter of law against Defendants, jointly and severally, in the amount of $1,562,211.83, as of September 30, 2016, plus contractual interests which continue to increase by $382.62 per day, until complete payment of the debt.

Accordingly, Bautista's Motion for Summary Judgment (**d.e. 45**) is granted. Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on August 15, 2017.

S/CARMEN CONSUELO CEREZO
United States District Judge